## THE STATE, CHARLOTTE CHARLIER, PROS., v. NOAH WOODRUFF ET AL.

1. A public road described in the return as "beginning near the New Jersey Central Railway depot, at Roselle, on the northerly side of said depot, and in a line of a road known as Chestnut street," does not define the beginning with the requisite certainty.

2. Where three terms of the court have intervened between the return of a public road and an application for a *certiorari*, and the road in the meantime has been opened and worked, an *allocatur* will not be granted, and if one has been ordered, it will be dismissed when the facts are brought to the knowledge of the court.

---

On *certiorari* to set aside the return of a public road.

Argued at November Term, 1872, before Justices DEPUE, VAN SYCKEL and WOODHULL.

For relator, *W. J. Magie.*

For defendants, *J. R. English.*

---

* *Rev.*, p. 1, § 2.

The opinion of the court was delivered by

VAN SYCKEL, J. This writ is prosecuted to set aside the return of a public road in the township of Union, in the county of Union.

The reasons relied upon are—

1. That the beginning of the road is not described with sufficient certainty.

2. That the damages are not properly assessed.

The road is described as "beginning near the New Jersey Central Railroad depot, at Roselle, on the northerly side of said depot, and in a line of a road known as Chestnut street."

This does not define the beginning with requisite certainty. *Griscom* v. *Gilmore*, 1 *Harr.* 105; *State* v. *Green*, 3 *Harr.* 179.

In *Biddle* v. *Dancer*, *Spencer* 634, and in *State* v. *Van Buskirk*, 1 *Zab.* 87, there was a stake set up to designate the beginning point.

The damages are assessed in one case to the "heirs of Jacob Kemp," and in another case to "Peter Donald & Co."

This assessment is defective, and this error may be set up by the relator, even though the parties to whom the assessment is improperly made do not complain. *State* v. *Oliver*, 4 *Zab.* 129; *State* v. *Fischer*, 2 *Dutcher* 129; *State* v. *Blauvelt*, 4 *Vroom* 36.

These objections however cannot avail the prosecutrix, because she allowed the road to be opened (except over her own land) and sixteen months to intervene after it was laid out, before she applied for the allowance of this *certiorari*.

Where three terms of this court have intervened between the return and an application for a *certiorari*, and the road in the meantime has been opened and worked, an *allocatur* will not be granted, and if one has been ordered, it will be dismissed when the facts are brought to the knowledge of the court. *State* v. *Ten Eyck*, 3 *Harr.* 373.

This writ should be dismissed with costs.

CITED in *Washington* v. *Fisher*, 14 *Vr.* 377; *Bowne* v. *Logan*, 14 *Vr.* 421; *Kearsley* v. *Gibbs*, 15 *Vr.* 169; *Rinehart* v. *Cowell*, 15 *Vr.* 360.